# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

**DAVID D. HARO,**

     **Plaintiff,**

-vs-               **Case No.  3-:04-CV-328**

**NCR CORPORATION, et al.,**

           **Judge Thomas M. Rose**

      **Defendants.**

_____

### ENTRY AND ORDER GRANTING NCR AND TERADATA'S MOTION TO CONFIRM THE SECOND PARTIAL FINAL(FEDERAL) CLASS DETERMINATION AWARD (Doc. #35)

_____

   Now before the Court is Defendants NCR Corporation's ("NCR") and Teradata Corporation's ("Teradata") Motion To Confirm the Second Partial Final Class Determination Award. The time has run and Plaintiff David D. Haro ("Haro") has not filed a response. The Motion is, therefore, ripe for decision.

   Haro initially brought a Complaint against NCR in this Court. Haro had signed a Mutual Agreement To Arbitrate All Employment Related Claims (the "Arbitration Agreement") as a prerequisite to beginning employment at NCR. Pursuant to NCR's motion, Haro was compelled to arbitrate his claims under the Arbitration Agreement minus the cost-sharing provisions in the Arbitration Agreement. (Doc. # 16.) The federal claims were then dismissed and the case closed.

   The Parties are currently engaged in the arbitration process. NCR and Teradata now ask this Court to confirm the Arbitrator's August 5, 2008, class determination award on Haro's federal discrimination and wrongful termination claims.

## PROCEDURAL BACKGROUND

Haro had filed a motion for class certification with the Arbitrator in which he sought to certify a class in Haro's misrepresentation, state age discrimination and state race discrimination claims. The Arbitrator found that Haro had not satisfied all of the American Arbitration Association ("AAA") Supplementary Rule 4 criteria for certification of either the misrepresentation claim or the state law claims for age and race discrimination. The Arbitrator also stayed the matter for 45 days to permit either party to move to confirm or to vacate the Class Determination Award. Finally, absent any class certification changes, the Arbitrator determined that the matter could proceed as certain individual claims by Haro. The initial Class Determination Award ("State Class Determination Award") issued on November 9, 2007, says nothing about class certification for Haro's federal race discrimination claims.

On November 19, 2007, Haro filed a Motion for Reconsideration of the State Class Determination Award. In response, the Arbitrator upheld his previous decision regarding class certification for the misrepresentation and state law claims for age and race discrimination.

The Arbitrator also found that the State Class Determination Award does not bar class certification for the federal race claims. Specifically, the Arbitrator found that Haro's request to modify the State Class Determination Award to include class certification for the federal race claims was not adequately set forth at that time but possibly could be in the future. The aspect of Haro's Motion for Reconsideration of the State Class Determination Award regarding class certification for his federal race claims was, thus, dismissed without prejudice. (Id.)

On March 31, 2008, Haro filed, with the Arbitrator, a motion for leave to amend his class action claims in general and specifically to amend his class action claims on the federal race

discrimination claim. On April 9, 2008, Haro submitted an amended motion for class

certification in which he sought to certify a class on claims based upon federal race

discrimination and wrongful termination in violation of Ohio public policy. On August 5, 2008,

the Arbitrator denied class certification on the federal age and race discrimination claims and

denied class certification of the wrongful termination claim (the Federal Class Certification

Award").

On August 9, 2008, Haro submitted a "Motion for Leave To Amend its Class Action

Claim Age Discrimination Claim Under Federal Law and Moves for Class Certification Under

the Combined Analysis of the First and Second Partial Awards and Reconsideration 2nd Partial

Final Class Determination Award as to Race Discrimination." As of August 13, 2008, the

Arbitrator had not ruled on this Motion.

On August 13, 2007, this Court confirmed the State Class Determination Award

regarding Haro's misrepresentation and state law claims for age and race discrimination. NCR

and Teradata now seek confirmation of the Arbitrator's Federal Class Determination Award

issued on August 5, 2008.

## ANALYSIS

This Court has jurisdiction to confirm the Federal Class Determination Award. *Dealer*

*Computer Services, Inc. v. Dub Herring Ford*, 489 F. Supp.2d 772, 778-79 (E.D. Mich. 2007);

*accord*, Supplementary Rules for Class Arbitration Rule 5(a), (d). Further, "it is well established

that courts should play only a limited role in reviewing the decisions of arbitrators." *Dawahare*

*v. Spencer*, 210 F.3d 666, 669 (6th Cir. 2000)(quoting *Shelby County Health Care Corp. v.*

*A.F.S.C.M.E., Local 1733*, 967 F.2d 1091, 1094 (6th Cir. 1992)), *cert. denied*, 531 U.S. 878

(2000). To that end, this Court must confirm the Federal Class Determination Award unless the award is vacated, modified or corrected. 9 U.S.C. § 9; *accord, Dawahare*, 210 F.3d at 669.

In this case, Haro has not responded. Therefore, the Court has not been given and is not aware of any reason to modify, correct or vacate the Arbitrator's Federal Class Determination Award.

Should the Arbitrator permit Haro to amend his claims and should the Arbitrator issue a new and different award on federal class certification thereof, either of the Parties may petition this Court to confirm, modify, correct or vacate such an award. Until then, NCR's Motion To Confirm the Federal Class Determination Award (doc. #35) denying class certification on the federal age and race discrimination claims and denying certification of the wrongful termination claim is GRANTED.

**DONE** and **ORDERED** in Dayton, Ohio, this Twenty-Second day of September, 2008.

**s/Thomas M. Rose**

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record

-4-