# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

**DAVID D. HARO,**

     **Plaintiff,**

-vs-              **Case No.  3-:04-CV-328**

**NCR CORPORATION, et al.,**

                **Judge Thomas M. Rose**

     **Defendants.**

---

### ENTRY AND ORDER GRANTING NCR AND TERADATA'S MOTION TO RECONFIRM THE SECOND PARTIAL FINAL CLASS DETERMINATION AWARD (Doc. #37)

---

Now before the Court is Defendants NCR Corporation's ("NCR") and Teradata Corporation's ("Teradata") Motion To Reconfirm the Second Partial Final Class Determination Award. (Doc. # 37.) The time has run and Plaintiff David D. Haro ("Haro") has not filed a response. The Motion is, therefore, ripe for decision.

Haro initially brought a Complaint against NCR in this Court. Haro had signed a Mutual Agreement To Arbitrate All Employment Related Claims (the "Arbitration Agreement") as a prerequisite to beginning employment at NCR. Pursuant to NCR's motion, Haro was compelled to arbitrate his claims under the Arbitration Agreement minus the cost-sharing provisions in the Arbitration Agreement. (Doc. # 16.) The federal claims were then dismissed and the case closed.

The Parties are currently engaged in the arbitration process. NCR and Teradata now ask this Court to reconfirm the Second Partial Final Class Determination Award. Presumably this Award is embodied in the Arbitrator's August 5, 2008, "Second Partial Final Class

Determination Award" denying class certification on the federal age and race discrimination claims and denying class certification of the wrongful termination claim and in the Arbitrator's October 6, 2008, Pre-Hearing Order No. 27. NCR and Teradata also asks the Court to reconfirm its September 22, 2008 Entry and Order (doc. #36).

## PROCEDURAL BACKGROUND

Haro had filed a motion for class certification with the Arbitrator in which he sought to certify a class in Haro's misrepresentation, state age discrimination and state race discrimination claims. The Arbitrator found that Haro had not satisfied all of the American Arbitration Association ("AAA") Supplementary Rule 4 criteria for certification of either the misrepresentation claim or the state law claims for age and race discrimination. The Arbitrator also stayed the matter for 45 days to permit either party to move to confirm or to vacate the Class Determination Award. Finally, absent any class certification changes, the Arbitrator determined that the matter could proceed as certain individual claims by Haro. The initial Class Determination Award ("State Class Determination Award") issued on November 9, 2007, says nothing about class certification for Haro's federal race discrimination claims.

On November 19, 2007, Haro filed a Motion for Reconsideration of the State Class Determination Award. In response, the Arbitrator upheld his previous decision regarding class certification for the misrepresentation and state law claims for age and race discrimination.

The Arbitrator also found that the State Class Determination Award does not bar class certification for the federal race claims. Specifically, the Arbitrator found that Haro's request to modify the State Class Determination Award to include class certification for the federal race claims was not adequately set forth at that time but possibly could be in the future. The aspect of

Haro's Motion for Reconsideration of the State Class Determination Award regarding class certification for his federal race claims was, thus, dismissed without prejudice. (Id.) On June 3, 2008, this Court confirmed the Partial Final Class Determination Award that was made by the Arbitrator in Pre-Hearing Order No. 25 dated February 23, 2008. (Doc. #34.)

On March 31, 2008, Haro filed, with the Arbitrator, a motion for leave to amend his class action claims in general and specifically to amend his class action claims on the federal race discrimination claim. On April 9, 2008, Haro submitted an amended motion for class certification in which he sought to certify a class on claims based upon federal race discrimination and wrongful termination in violation of Ohio public policy.

On August 5, 2008, in his "Second Partial Final Class Determination Award," the Arbitrator denied class certification on the federal age and race discrimination claims and denied class certification of the wrongful termination claim. On September 22, 2008, this Court confirmed the Second Partial Final Class Determination Award and noted that Haro had filed a motion to amend and a motion for reconsideration. (Doc. #36.)

On August 9, 2008, Haro submitted a "Motion for Leave To Amend its Class Action Claim Age Discrimination Claim Under Federal Law and Moves for Class Certification Under the Combined Analysis of the First and Second Partial Awards and Reconsideration 2nd Partial Final Class Determination Award as to Race Discrimination." The Arbitrator has now ruled on this motion submitted by Haro, and NCR and Teradata now ask this Court to confirm the Arbitrator's finding. On October 6, 2008, in Pre-Hearing Order No. 27, the Arbitrator denied Haro's Motion To Amend, denied the Motion for Class Certification and denied Haro's motion for reconsideration.

## ANALYSIS

This Court has jurisdiction to confirm the decision of an arbitrator. *Dealer Computer Services, Inc. v. Dub Herring Ford*, 489 F. Supp.2d 772, 778-79 (E.D. Mich. 2007); *accord*, Supplementary Rules for Class Arbitration Rule 5(a), (d). Further, "it is well established that courts should play only a limited role in reviewing the decisions of arbitrators." *Dawahare v. Spencer*, 210 F.3d 666, 669 (6th Cir. 2000)(quoting *Shelby County Health Care Corp. v. A.F.S.C.M.E., Local 1733*, 967 F.2d 1091, 1094 (6th Cir. 1992)), *cert. denied*, 531 U.S. 878 (2000). To that end, this Court must confirm the Pre-Hearing Order No. 27 unless the award is vacated, modified or corrected. 9 U.S.C. § 9; *accord, Dawahare*, 210 F.3d at 669.

In this case, Haro has not responded. Therefore, the Court has not been given and is not aware of any reason to modify, correct or vacate the Arbitrator's Pre-Hearing Order No. 27, which among other things, denied Haro's Motion To Amend, denied the Motion for Class Certification and denied Haro's motion for reconsideration. Therefore, the Arbitrator's Pre-Hearing Order No. 27 is confirmed.

Haro and Teradata also ask the Court to reconfirm its previous Entry and Order docketed on September 22, 2008. (Doc. # 36.) However, the Court sees no reason to reconfirm. The September 22, 2008, Entry and Order speaks for itself.

Finally, NCR and Teradata ask this Court to "reconfirm the Second Partial Final Class Determination Award." To the extent that the Second Partial Final Class Determination Award is embodied in one of the Arbitrator's decisions confirmed by this Court, NCR and Teradata's Motion (doc. # 37) is GRANTED.

**DONE** and **ORDERED** in Dayton, Ohio, this Eighth day of December, 2008.

<u>s/Thomas M. Rose</u>
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record